BARRY SMITH (SBN: 48697)
   Email: bsmith@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
   Email: anapolitano@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Secured Creditor
CALIFORNIA BANK & TRUST

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>COTO INVESTMENTS, INC.,<br><br>                       Debtor. | Case No. 8:13-bk-12634-TA<br><br>Chapter 11<br><br>**CALIFORNIA BANK & TRUST'S LIMITED OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT DESCRIBING DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2013**<br><br>**Hearing:**<br>Date:    December 4, 2013<br>Time:   10:00 a.m.<br>Place.:  Courtroom 5B<br>          United States Bankruptcy Court<br>          411 W. Fourth Street<br>          Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ITS COUNSEL AND ALL PARTIES IN INTEREST:**

California Bank & Trust ("CB&T"), senior secured creditor of Coto Investments, Inc., debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby submits this limited opposition to the Debtor's *Disclosure Statement Describing Debtor's Chapter 11 Plan of Reorganization Dated October 1, 2013* [Docket No. 76] (the "Disclosure Statement") as follows:

## I.   BACKGROUND

On August 9, 2007, Vineyard Bank (the "Original Lender") as lender, and the Debtor as borrower, entered into a written Business Loan Agreement (the "Loan Agreement"). In connection with the Loan Agreement, on August 9, 2007, the Debtor executed a Promissory Note (the "Note") payable to the Original Lender in the principal amount of $5,225,000.00. To secure repayment of the Note, on August 9, 2007, the Debtor executed a Deed of Trust for the benefit of the Original Lender, as beneficiary.

The Deed of Trust was recorded on August 31, 2007, as Document No. 2007-0063586 in the Official Records of the Santa Barbara County Recorder's Office. The Deed of Trust created lien upon the Debtor's leasehold interest in the real and personal property more particularly described in the Deed of Trust and commonly known as 940 East Ocean Avenue, Lompoc, California 92879 and all rents, issues and profits derived therefrom (collectively, the "Property"). On July 17, 2009, CB&T acquired substantially all of the assets of the Original Lender from the Federal Deposit Insurance Corporation, as receiver for the Original Lender, which assets included the loan to the Debtor pursuant to the loan documents.

CB&T filed Proof of Claim No. 2-1 asserting a claim as of the March 25, 2013 petition date (the "Petition Date") of at least at least $4,914,691.58 plus accrued and unpaid interest, attorneys' fees, costs and other expenses incurred by CB&T in connection with the loan. The actual amount owed as of the Petition Date is $5,691,726.05. CB&T will be filing an amended proof of claim to reflect the updated amount.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15281445v1

2

**CALIFORNIA BANK & TRUST'S LIMITED OPPOSITION TO THE DEBTOR'S DISCLOSURE STATEMENT
DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2013**

## II. ARGUMENT

### A. The Disclosure Statement Must Contain Adequate Information Before It Can Be Approved by this Court.

Section 1125 of the Bankruptcy Code requires that a plan proponent provide a disclosure statement containing "adequate information" to all claim and interest holders prior to the solicitation of acceptances or rejections of a plan of reorganization. "Adequate information" is defined in Section 1125 as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, . . . and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; . . . .

"The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan." *See Duff v. United States Trustee (In re California Fidelity, Inc.)*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996). "[T]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." *Computer Task Group, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003), *quoting In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988).

### B. The Debtor's Disclosure Statement Does Not Provide Adequate Information.

CB&T raises the following limited objections to the Debtor's Disclosure Statement, and requests that the Debtor address such objections in the next iteration of the Disclosure Statement:

1. **Undisclosed Secured Debt.** The Disclosure Statement should provide when Mrs. O'Cairns acquired her 100% ownership interest in the Property from her father, Charles O'Cairns, who previously owned 100% of the Debtor. This is significant because the Disclosure Statement and corresponding *Chapter 11 Plan of Reorganization Dated October 1, 2013* [Docket No. 77] (the "Plan") omit any disclosures related to secured claims of the Mrs. O'Cairns, and the proposed treatment of such claim. A Deed of Trust dated January 1, 2010 executed by the Debtor

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15281445v1

3

**CALIFORNIA BANK & TRUST'S LIMITED OPPOSITION TO THE DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2013**

Case 8:13-bk-12634-TA    Doc 88    Filed 11/20/13    Entered 11/20/13 17:24:15    Desc
Main Document    Page 4 of 6

and naming Tory O'Cairns, as the beneficiary, to secure indebtedness of $2.4 million was recorded on June 14, 2010 as Instrument No. 2010-0031406 of the Official Records of the county where the Property is located. Whether this secured claim is a disguised capital contribution or a bona fide secured claim (albeit one that would violate the covenants in the CB&T Deed of Trust), and whether Mrs. O'Cairns intends to waive this secured claim is a material consideration for creditors in voting on the Plan.

2. **Valuation of the Property.** The Debtor claims that the Property has a value of $7,861,144.84. The Debtor should disclose further information on how it arrived at this valuation along with any appraisals or other valuation reports that the Debtor has obtained.

3. **Amount of CB&T's Claims.** The Debtor fixes CB&T's claim as of the Petition Date at $4,914,691.58. As discussed above, the true amount of the claim as of the Petition Date is $5,691,726.05. The Disclosure Statement and any projections based upon that amount needs to be updated to reflect the true amount of CB&T's claim.

**4.** **Interest Rate.** The Debtor's proposed interest rate of 4.25% for CB&T's secured claim is woefully inadequate. While this is a confirmation issue, which CB&T reserves the right to raise (along with any other confirmation issue), the Debtor should at least provide a disclosure as to the basis for supporting such an inadequate interest rate.

5. **Continuing Applicability of the Loan Documents.** With respect to CB&T's claim, the Plan and the Disclosure Statement should state that the applicable loan documents for the Property, including the Note and the Deed of Trust should continue in full force and effect except as modified by the terms of the Plan.

6. **Inadequate Liquidation Analysis.** The Debtor's liquidation analysis to support the "best interest of creditors" confirmation requirement in the Disclosure Statement is incorrect. The analysis is not whether the secured creditor would foreclose on the Property leaving all other creditors with no recourse, but what would occur if the Property would be liquidated in a hypothetical chapter 7. Here, the Debtor shows administrative claimants, priority tax claimants, and general unsecured claimants receiving 0% of their allowed claims under a chapter 7 liquidation. The Debtor values the Property at $7.86 million, even assuming a distressed sale of

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15281445v1    4

**CALIFORNIA BANK & TRUST'S LIMITED OPPOSITION TO THE DEBTOR'S DISCLOSURE STATEMENT
DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2013**

1    $6.5 million would provide sufficient coverage for CB&T's $5.6 million claim, $80,000 in administrative claims, $250,000 in priority claims and $115,000 in unsecured claims.

7. **Revesting of Property.** The Disclosure Statement and Plan should state when the property of the estate revests in the Debtor. Presumably, it would be at the Effective Date.

8. **Historical Financial Data.** The Disclosure Statement does not include sufficient historical financial statements. The Debtor should provide at historical financial statements, including balance sheets, income statements and statements of cash flow on a quarterly and yearly basis for the prior four-year period. Given the seasonality of the Debtor's business coupled with its sensitivity to the economy and tourism, the Debtor should provide such historical financial data to permit the creditors to assess whether the Debtor's financial projections are credible, feasible and capable of being achieved.

9. **Financial Projections.** Competent and detailed financial projections are the single most important aspect of a disclosure statement which the Debtor must provide. While the Debtor did provide financial projections for the entire five-year plan period, the Debtor must also provide on a line-by-line basis the underlying assumptions utilized in the preparation of the financial projections. The Debtor must also disclose the identity and qualification of the party preparing such projections. Moreover, the five-year projection should also incorporate the proposed payouts under the Plan.

### III. CONCLUSION

Based on the foregoing, California Bank & Trust respectfully requests that the Court require the Debtors to address the issues in the next iteration of their Disclosure Statement, and grant such other relief as is just and proper.

Dated: November 19, 2013          BUCHALTER NEMER
A Professional Corporation

By:   */s/ Anthony J. Napolitano*
       ANTHONY J. NAPOLITANO

Attorneys for Secured Creditor
CALIFORNIA BANK & TRUST

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15281445v1      5

**CALIFORNIA BANK & TRUST'S LIMITED OPPOSITION TO THE DEBTOR'S DISCLOSURE STATEMENT
DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2013**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **CALIFORNIA BANK & TRUST'S LIMITED OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT DESCRIBING DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2013** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 20, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- COUNSEL TO CREDITOR - Charles W Daff charleswdaff@gmail.com, cwdafftrustee@gmail.com
- COUNSEL TO DEBTOR - Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- UNITED STATES TRUSTEE - Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- INTERESTED PARTY - Mary D Lane mal@msk.com, mec@msk.com
- COUNSEL TO CREDITOR - Anthony J Napolitano anapolitano@buchalter.com, IFS_filing@buchalter.com
- UNITED STATES TRUSTEE - United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 20, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Coto Investments, Inc.
20 Robin Ridge
Aliso Viejo, CA 92656

Theodor Albert
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 20, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/2013 | SANDRA I. ALARCON | /s/ SANDRA I. ALARCON |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**